UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
UNITED STATES OF AMERICA,

                            Plaintiff,

                                IND # 08 CR 407 (LAP)

      - v -

                                <u>MOTION TO PRECLUDE</u>

CARLOS RIVERA,

                           Defendant.

-------------------------------------------------------- X

| | |
|---|---|
| RELIEF REQUESTED: | A.   An Order precluding Plaintiff Government from offering evidence on those matters which Plaintiff has failed and refused to provide Discovery to Defendant in direct contravention and violation of Rule 16 of the Federal Rules of Criminal Procedure, |
| | B.   Such other and further relief as this Court deems just and proper. |
| MOTION BY: | IANNUZZI and IANNUZZI, ESQS. Attorneys for Defendant Carlos Rivera 74 Trinity Place, Suite 1800 New York, New York 10006 (212) 227-9595 |
| PLACE, DATE AND TIME OF HEARING: | In the United States District Court, Southern District of New York, in the Courthouse located at 500 Pearl Street, before the Hon. Loretta A. Preska, on a date and time convenient to the Court. |
| SUPPORTING PAPERS: | Affirmation of John Nicholas Iannuzzi signed the 30th Day of June, 2008 and all |

pleadings and proceedings heretofore had herein.

Respectfully submitted,

  /s/electronic signature expressly permitted
IANNUZZI and IANNUZZI, ESQS.
Attorneys for Defendant Carlos Rivera
74 Trinity Place, Suite 1800
New York, New York 10006
212-227-9595

City of New York
June 30, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
UNITED STATES OF AMERICA,
                        Plaintiff,

                                                           IND # 08 CR 407 (LAP)
      - v -

CARLOS RIVERA,
                        Defendant.

-------------------------------------------------------- X

        **JOHN NICHOLAS IANNUZZI**, an Attorney admitted to Practice Law before the United States Supreme Court, the United States Courts of Appeal for the First, Second, Third, Fourth, Fifth, and Eleventh Circuits, the United States Tax Court, the United States District Courts for the Northern, Eastern, Southern, and Western District of New York, the District of Connecticut, the Middle District of Florida, all the Courts of the State of New York, the State of Connecticut, and the State of Wyoming, and elsewhere, Affirms and Says, under penalties of perjury that:

        1.     This Affirmation is submitted in support of a motion to preclude Plaintiff Government from offering evidence on those matters which Plaintiff has failed and refused to provide Discovery to Defendant in direct contravention and violation of Rule 16 of the Federal Rules of Criminal Procedure, together with such other and further relief as to this Court seems just and proper.

        2.     When this matter first appeared on Your Honor's calendar, May 9, 2008, Your Honor adjourned the matter until June 9, 2008 so that Discovery might be served by the Government, and

so that Defendant, using that Discovery, might advise the court what, if any, motions were contemplated on behalf of Defendant.

———

**The Discovery Was Late and Inadequate**

      3.      At the adjourned Pre-Trial Conference on the afternoon of June 9, 2008, I advised the Court that although A.U.S.A. Jackson had assured the Court that he would timely provide Discovery to Defendant in order to enable Defendant to advise the Court what, if any, motions were contemplated, the purported Discovery was not served until a fax was sent from the United States Attorney's office at 5:52 PM Friday night, June 6, 2008 - when my office was already closed for the week-end - and was not, as a result, seen by myself until the very morning of the Pre-Trial Conference.

      4.      In addition, I advised the Court at the June 9, Pre-Trial conference that the Discovery provided was inadequate in that it consisted merely of a copy of the Magistrates Complaint and the Indictment - both of which had already been provided to Defense Counsel - a Criminal History Report from the State of New York, and a voucher of items seized from Defendant's person at the time of his arrest.

      5.      Specifically, I advised the Court that the Government had not provided substantive Discovery, particularly:

      a) Laboratory Report as to the type and quantity of the alleged narcotics being charged to Defendant under Rule 16, (a) (1)(F);

      b) No oral statement were provided, nor the sum or substance of those allegedly made by Defendant, before and during arrest in response to interrogation by a person

Defendant knew was a Government agent under Rule 16 (a) (1) (A)[1];

c) No Consent or Waiver of Miranda documents;

d) No tape recording, transcript, reports or memoranda made while telephone conversations between an informant and Defendant were being monitored by law enforcement.

.

**The Matter Was Adjourned For Discovery and For Defendant to Further Advise the Court**

6.At the June 9, 2008 Pre-Trial conference, A.U.S.A. Jackson advised the Court that he expected the Laboratory Report or Analysis to be forthcoming from New Jersey authorities (which had made the arrest) and that he would provide the same promptly on receipt.

7.The matter was re-scheduled for June 24, 2008 in order that the preliminary information might be received by Defendant and Defendant would be able to make an informed determination as to what, if any, motions were to be made.

8.The matter was then again adjourned by request of the Government to July 1, 2008, and further adjourned to July 2, 2008.

9.Defendant assumed the additional time was needed by the Government in order to put together additional Discovery, particularly the Lab Report/Analysis, and the oral statements alleged to have been made by Defendant.

---

[1] Other than a reference in a letter from Mr. Jackson that after waiving Miranda rights, Defendant made a number of incriminating statements including those contained in the Complaint.

**A Lengthy Demand for Discovery Letter Was Served**

8.    On June 10, 2008, a lengthy Demand Letter (copy of which is attached hereto as Exhibit 1) was served upon the Government specifying what information Defendant requested, and asking that written responses or refusals thereof be made.

**Not A Single Shred or Word of Discovery Or Refusal Has Been Received Since June 9, 2008**

9.    In response, A.U.S.A. Jackson has not provided one shred of information, further documentation, or even a refusal to respond to any of the requests in the Demand Letter.

**Preclusion is Appropriate**

10.    It should be noted that Defendant was arrested in New Jersey on April 17, 2008, and from that date to the present he has been incarcerated on charges relating to a controlled substance.

11.    From that date to the present, the Discovery required by Rule 16 has not been provided. Particularly significant is the absolute absence of any Lab Report containing an analysis of the amount and type of narcotics alleged seized from Defendant.

12.    The total failure to provide such creates the ever growing suspicion that there were no controlled substances seized, and that the arrest of Defendant and the charges against him are erroneous and unsubstantiated.

13.    Moreover, Discovery is provided for in Rule 16 for the purpose of curtailing trial by ambush, to provide attorneys the opportunity to assess the evidence, to make determinations vis a vis the up-coming litigation, to make determinations of trial or plea, to prepare for trial.

14.    The total failure to provide Discovery is an outrageous abuse of Defendant's right to

Fair Trial and Due Process of Law.

15. Moreover, the total failure is wasting the judicial assets of this Court, causing delays in determinations to be made by Defendant, motions to be made, dispositions of cases, and is entirely to the dis-interest of the ends of justice.

WHEREFORE, Defendant prays that the Government be precluded from offering any evidence or information concerning:

    the type and quantity of narcotics

    any oral or written statements allegedly made by Defendant at any time

    together with such other and further information as to this court seems just and proper

    /s/electronic signature expressly permitted
    JOHN NICHOLAS IANNUZZI, J.D.

June 30, 2008