UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,          :

           - v. -               :     **08 Cr. 407 (LAP)**

CARLOS RIVERA,                     :

         Defendant.             :

- - - - - - - - - - - - - - - - x


**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT CARLOS RIVERA'S PRECLUSION MOTION**


**MICHAEL J. GARCIA**
*United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007*


RANDALL W. JACKSON
*Assistant United States Attorney*
     *-Of Counsel-*

## PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in opposition to defendant Carlos Rivera's motion to preclude evidence.

The defendant requests that the Court preclude the Government from offering, at any trial of the defendant, any evidence or information concerning (1)"the type and quantity of narcotics" seized from the defendant; and (2) "any oral or written statements allegedly made by Defendant at any time." The defendant argues that preclusion is warranted because of the Government's failure to comply with its discovery obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure. For the reasons described below, the Court should deny the defendant's motion to preclude.

## BACKGROUND

### A.    Offense Conduct

On April 17, 2008, Newark Police Department officers arrested the defendant in possession of approximately 7500 glassine envelopes containing a brown, powdery substance. (Complaint, attached as Exhibit 1, ¶ 3). The officers conducted a field test on a representative sample of the substance, which indicated that the substance was heroin. (Complaint ¶ 3(g)). At the time of the defendant's arrest and afterwards, the defendant made several incriminating statements. (Complaint ¶ 3(e)).

1

On May 8, 2008, a grand jury in the Southern District of New York returned Indictment 08 Cr. 407(LAP), charging the defendant with one count of possessing with intent to distribute 100 grams and more of heroin, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B).

**B.    Post-Indictment Discovery**

On June 6, 2008, pursuant to the defendant's request, the Government produced Rule 16 discovery to the defendant.  The Government produced: (1) a copy of Indictment 08 Cr. 407; (2) a copy of the criminal Complaint; (3) a Criminal History Report for the defendant; and (4) a set of Newark Police Department Property Evidence documents for items seized from the defendant. Specifically, the Property Evidence documents described the several thousand glassine envelopes that had been seized from the defendant, including their appearance and that the logo "Rat," written in "red ink" appeared on the glassine envelopes. These documents also detailed the results of a field test conducted on the substance within the glassine envelopes which indicated that the substance was heroin. Finally, these documents provided details about cash seized from the defendant, and provided the date, time, and location of the defendant's arrest.

2

The Government's June 6, 2008 discovery letter also provided additional detail regarding statements made by the defendant at the time of his arrest. Specifically, the letter stated that:

> the Government hereby discloses the following: after being advised of his Miranda rights, the defendant waived them and made a number of incriminating statements to investigating law enforcement officers, including the statements described in the Complaint. The defendant also made the statements described in the Complaint prior to his arrest. The defendant also stated that he had recently picked up the heroin he possessed from a stash house in New York City and he provided the location of that stash house. The defendant also described certain of his criminal associates and stated that he had received heroin from them to be distributed.

Apart from the statements described above, the Complaint, which had been provided to the defendant at his presentment before United States Magistrate Judge Frank Maas, provided additional details regarding statements made by the defendant at the time of his arrest. Specifically, the Complaint stated:

> When the officers approached, the [defendant] stated, in sum and substance, "I just drive, I drop the material off and take back the money." Officer 1 asked "What material?" The [defendant] responded "the heroin in the yellow Nextel bag."

(Complaint ¶ 3(e)).

In its June 6, 2008 letter, the Government included a paragraph recognizing its disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and informed the

3

defendant that it was as yet unaware of any Brady material regarding the defendant.  The Government also informed the defendant that he would be provided with material under Giglio v. United States, 405 U.S. 150, 154 (1972), and its progeny, in a timely manner prior to trial.

On June 9, 2008, the parties appeared before the Court for a pre-trial conference. At the conference, the defendant's attorney advised the court that he had not had an opportunity to review the discovery that had been sent on June 6, 2008. The defendant's attorney also indicated that, due to the Government's recent production of discovery and failure to provide results of laboratory analysis of the substance seized from the defendant, he had not had a sufficient opportunity to evaluate what motions, if any, he intended to file. The Government informed the Court that it was awaiting lab testing results, that it expected to receive them in the coming weeks, and that a field test report, as well as the other discovery described above, had been produced to the defendant. The Court scheduled a pre-trial conference for June 24, 2008, which was ultimately rescheduled for July 2, 2008, at the request of the Government.[1]

---

[1] The Government requested rescheduling after being informed that the Court would not be available, due to its trial schedule, on the June 25, 2008 date, and subsequently on a contemplated July 1, 2008 date. The undersigned Assistant U.S. Attorney informed defense counsel of the context of its request for rescheduling, and defense counsel consented to the rescheduling as well as the exclusion of time under the Speedy Trial Act, 18 U.S.C. 3161, et seq.

On June 30, 2008, the defendant filed the instant motion. On July 1, 2008, the Newark Police Department Forensic Laboratory indicated that it had completed analysis of the 7500 glassine envelopes, and that 20 representative lots had tested positive for heroin. The Forensic Laboratory transmitted a report to the Government, dated July 1, 2008, which detailed the testing of the 20 lots and also indicated the total weight of the heroin contained in the glassine envelopes. Immediately after receiving the report, the Government faxed a copy to defense counsel, along with a recently received copy of the defendant's U.S. Marshals' Service Intake form.

## ARGUMENT

### A.  THE COURT SHOULD DENY THE DEFENDANT'S MOTION TO PRECLUDE.

The defendant argues that the Government's failure to comply with its Rule 16 discovery obligations constitutes an "outrageous abuse of Defendant's right to Fair Trial and Due Process of Law," warranting preclusion of this evidence at trial. Federal Rule of Criminal Procedure 16 requires the Government to produce a broad array of items, including "the portion of any written record containing the substance of any relevant oral statement made before or after arrest," to a Government agent. Fed. R. Crim. P. 16(a)(1)(B). Rule 16 also requires disclosure of a "copy of the defendant's prior criminal record," and "the results or reports

5

of any . . . scientific test or experiment." Fed. R. Crim. P.
16(a)(1)(E) and (F). The Court of Appeals has indicated that
"[w]hen the government has failed to comply with Rule 16, the
district court has broad discretion to determine what remedial
action, if any, is appropriate." United States v. Miller, 116
F.3d 641, 681 (2d Cir. 1997). In Miller, the Second Circuit noted
that Rule 16 suggests a number of possible appropriate remedies
in the event of a Rule 16 violation, including "permit[ting] the
discovery or inspection, grant[ing] a continuance, or
prohibit[ing] the government from introducing evidence not
disclosed, or it may enter such other order as it deems just
under the circumstance. Id. (quoting Fed. R. Crim. P. 16(d)(2))
(brackets in original omitted). The Court also stated that a
district court's refusal to preclude evidence which was the
subject of an alleged Rule 16 violation should only be reversed
on appeal if "if the nondisclosure results in substantial
prejudice to the defendant." See id. (quoting United States v.
Sanchez, 912 F.2d 18, 21 (2d Cir. 1990)).

    In Miller, the contested evidence was the defendant's drug
ledger, which "contained detailed records of drugs and money."
Miller, 161 F.3d at 680. The Government produced this document to
the defendant on the day before it called its final witness in a
two-month long trial. Id. At 681. "When Robinson moved to exclude
the document, the government explained to the court that the

government had only belatedly realized that it did not have the
document in its possession and that the government had then
obtained the document pursuant to a subpoena to the NYPD property
clerk and disclosed it to Robinson." Id. In the district court,
the defendant argued that the late disclosure had "deprived [him]
of the opportunity to consult handwriting and fingerprint experts
with respect to the document." Id. The district court rejected
this argument. Id. On appeal, the defendant argued that "the
belated disclosure of the document adversely affected his trial
strategy of arguing that he could not have been a member of a
drug gang because he was so poor." Id. The Court of Appeals
rejected this argument, as well as the argument the defense
advanced at trial. Id. Relying on the Court's prior holding that
"'substantial prejudice' in the Rule 16 context as "[means] more
than that the statement was damaging to the defendant: the
defendant must demonstrate that the untimely disclosure of the
statement adversely affected some aspect of his trial strategy,"
the Second Circuit reasoned that, even with the late disclosure,
the defendant had ample opportunity to prepare and execute the
defenses that he indicated were contemplated. See id. (quoting
United States v. Adeniji, 31 F.3d 58, 64 (2d Cir. 1994).

    Here, the defendant's motion seeks preclusion of all of the
defendant's statements and of the laboratory test results without
articulating what prejudice, if any, the defendant has suffered

7

as a result of the delayed production of this discovery.  This
failure seems likely the result of the fact that it is nearly
impossible to conceive of what prejudice the defendant might have
suffered. The defendant has had all of the essential information
necessary to file any pre-trial motion since the time of his
arrest. The Complaint provided detailed information regarding the
circumstances of the defendant's arrest, including the statements
made by the defendant leading to the seizure of the substance
found in his vehicle. The Complaint also described a field test
conducted on the substance, indicating that it was heroin. The
subsequently produced field test report provided further
confirmation of the chemical composition of the substance seized
from the defendant. The Court has not foreclosed the defendant's
ability to file any necessary motions. No trial date has been set
in this case and the defendant has not requested a trial date. In
short, the defendant's ability to prepare a defense has not been
impacted in any way by the alleged Rule 16 violations by the
Government.

       Indeed, the defendant cannot even reasonably allege that
there was any undue delay in the production of his statements or
the drug testing results. As detailed above, the substance of all
of the statements was produced to the defendant in advance of the
June 9, 2008 pre-trial conference, less than a month after the
defendant's arrest. The most significant of the defendant's

8

statements were contained in the Complaint, which was produced to
the defendant on the day that he was taken into federal custody.
The Government produced the results of the forensics laboratory's
testing results on the day that the Government received the
report. And as is evident from the face of the report, the
Government received the report on the very day that the lab
completed weighing and testing the contents of the defendant's
7500 glassine envelopes of heroin.

The situation at hand therefore fails to even approach the
situation in Miller, where the Court of Appeals found no
substantial prejudice after the contested evidence was produced
at the conclusion of the Government's case in a two-month long
trial. As described above, no trial date has even been set in
this case. The defendant's motion fails to identify any authority
suggesting that evidence should be precluded in a situation like
the one at hand.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny the defendant's motion to preclude evidence.


Dated:     New York, New York
           July 1, 2008


                    Respectfully submitted,

                    MICHAEL J. GARCIA
                    United States Attorney for the
                    Southern District of New York


               By:_____/s/_____
                    Randall W. Jackson
                    Assistant United States Attorney
                    Tel.: (212) 637-1029

10

## <u>AFFIRMATION OF SERVICE</u>

RANDALL W. JACKSON, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.  That, on July 1, 2008, I caused a copy of the Government's Memorandum of Law in Opposition to Defendants' Pretrial Motion to Preclude to be delivered by ECF to:

> John Nicholas Iannuzzi
> Iannuzzi and Iannuzzi
> 74 Trinity Place, Suite 1800
> New York, NY 10006
> (212) 227-9595
> Fax: 212-227-2099

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated:    New York, New York
          July 1, 2008


                         _____/s/_____
                         Randall W. Jackson
                         Assistant U.S. Attorney

11